[Crim. No. 8179.   Second Dist., Div. Three.   Jan. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MARIE JANE RUSSELL, Defendant and Appellant.

E. V. Cavanagh and Don Edgar Burris for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Felice Cutler, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Jointly charged with one Sheremeta, Marie Jane Russell was convicted in a nonjury trial of three offenses of forgery; the case was tried upon the evidence adduced at

the preliminary hearing. Appellant did not testify or offer other evidence. She applied for probation, which was denied, was sentenced to state prison and appeals from the judgment.

Evidence was produced of the following facts. Three checks in the amounts of $12.27, $27.50 and $15.20 were cashed at the 508 Club operated by Moorpark Enterprises. They were made payable to one Sheremeta, who was given the amounts of the several checks when he endorsed and presented them to employees of the club. The checks bore the purported signature of Leonard Klassen as maker. Klassen testified that he did not sign or authorize the signing of any of the checks. A fourth check for $200, purportedly signed by Klassen, named one Ayers as payee. All four checks were received in evidence.

Klassen testified that one evening he was drinking in company with appellant. Later he engaged a room in a hotel, placed a book of blank checks under the mattress and went to sleep. In the morning his money was gone and the blank checks also were missing. So far as he knew he was alone in the room during the night.

Officer Eldridge testified that he had a conversation with appellant while she was in custody. Her statements were made freely and voluntarily. He exhibited to her three of the checks and she stated she had made out the face of the checks and that her "boy friend" cashed them; she was drinking with Klassen one night; Klassen was quite drunk; he left the room; money amounting to $17 or $18 and the book of blank checks remained on the table; appellant took the money and the checks and went home in a taxi. The officer exhibited the fourth check for $200 and appellant said it was made out by her boy friend, and that she endorsed it in the name of one Ayers, in an attempt to open a savings account in that name. The witness also produced a writing, signed by appellant, which contained the admissions she had made orally. The writing and the testimony of the interview were received in evidence without objection. Upon cross-examination the officer testified that at the time of the interview and the signing of the statement by appellant she appeared to be "on the second day of D.T's" and her condition was "very acute." He did not tell her what penalty would be imposed, but he did tell her what the law prescribes as the penalty but that he did not have anything to do with her serving a maximum amount of time. The prosecution

moved to strike the testimony of the officer that appellant was suffering from "D.T's" upon the ground that the officer was not shown to be competent to express an opinion upon the subject. The motion was not ruled upon.

█ It is contended on the appeal that the condition of appellant was shown to have been such as to render her admissions inadmissible in evidence. It was represented to the court in the probation hearing that appellant was in exceedingly bad physical and mental condition after her arrest and that about the time of her interview with the police she required hospitalization and medical care. Nothing of the sort was brought to the attention of the magistrate or the trial judge. If objection had been made to the receipt of evidence of the admissions upon the ground that appellant was suffering from a mental disorder to an extent which rendered her irresponsible for any statements she made, there doubtless would have been a full hearing before the court ruled upon the admissibility of the evidence.

From the failure to object to the testimony or to contradict it, we can only assume that if she had taken the stand appellant would not have denied that she made the statements to which the officer testified and would not have denied that she stole the blank checks and committed the forgeries.

█ It is contended further that there was no evidence that appellant's acts were motivated by a fraudulent intent. The question of intent was to be inferred by the court from all the circumstances in evidence; the inference that appellant had an intention to defraud was inescapable.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 20, 1963.